Amanda L. Bruss, #246249
Kristen G. Roberts, # 275552
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
Telephone: (619) 343-3655
amanda@trestlelaw.com
kristen@trestlelaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALEO CERTIFIED, INC., D/B/A THE PALEO FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> TBE BEVERAGES, LLC, <br><br> Defendant. | Case No. '23CV2296 TWR MSB <br><br> COMPLAINT FOR: <br><br> (1) Trademark Infringement (15 U.S.C. § 1114(1)); <br><br> (2) Federal Unfair Competition (15 U.S.C. § 1125(a)); and <br><br> (3) Violation of California Business and Professions Code § 17200 et seq. |

Plaintiff Paleo Certified, Inc. d/b/a The Paleo Foundation ("Paleo" or "Plaintiff"), by and through its attorneys, Trestle Law APC, for its Complaint against defendant TBE Beverages, LLC ("TBE" or "Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's federally-registered certification marks, (the "Keto Certified Mark"), and (the "GFGF Mark") (collectively, the "Certification Marks"), under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the laws of the State of California, all arising from the Defendant's unauthorized use of the Certification Marks in connection

with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and sale of Defendant's beverage products.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. Plaintiff Paleo Certified, Inc., d/b/a The Paleo Foundation is a corporation that is incorporated in the state of Florida and has its principal place of business in Orlando, Florida. Plaintiff.

6. Upon information and belief, Defendant TBE Beverages LLC is a limited liability company formed under the laws of the state of New York and does business throughout the United States, including in San Diego, California. Upon information and belief, TBE sells its products bearing the Marks in stores physically located in San Diego, California and elsewhere in the United States, and sells its products through an interactive website throughout the United States.

## FACTS

A. Plaintiff and Its Certification Marks

7. Plaintiff is an international third-party certification company that licenses its registered marks for use in connection with products it has confirmed meet the standards of the keto diet, and for grain free, gluten free products as established by the Paleo Foundation.

8. Plaintiff is the owner of valid and subsisting United States Certification Mark Registration No. 6,171,595 for the Keto Certified Mark for certification of: food products and beverages, containing fruits, nuts, seeds, certain grains, vegetables, sweeteners, or eggs which

COMPLAINT                                    2

conform to the keto diet standards. Attached as Exhibit 1 is a true and correct copy of the registration certificate, which was issued by the United States Patent and Trademark Office on October 6, 2020.

9. Plaintiff is the owner of valid and subsisting United States Certification Mark Registration No. 6,337,794 for the GFGF Mark for certification of: food products and beverages, containing fruits, nuts, seeds, vegetables, sweeteners, or eggs which conform with the grain free and gluten free diet standards. Attached as Exhibit 2 is a true and correct copy of the registration certificate, which was issued by the United States Patent and Trademark Office on May 4, 2021.

10. Plaintiff has licensed the Keto Certified Mark for use in commerce by third parties throughout the United States continuously since November 10, 2016 in connection with the manufacture, distribution, marketing, promotion and sale of goods that the Paleo Foundation has carefully evaluated to ensure and affirm compliance with the keto diet standards it has established.

11. Plaintiff has licensed the GFGF Mark for use in commerce by third parties throughout the United States continuously since March 29, 2018 in connection with the manufacture, distribution, marketing, promotion and sale of goods that The Paleo Foundation has carefully evaluated to ensure and affirm compliance with the grain free, gluten free standards it has established.

12. Plaintiff has expended considerable resources adopting, marketing and promoting its certification of products under the Certification Marks, and as a result, consumers have come to associate the Certification Marks with The Paleo Foundation's stringent certification standards and services.

13. As a result of its widespread, continuous, and exclusive use of the Marks to identify products it has certified as compliant with each Certification Mark's respective parameters, Plaintiff owns valid and subsisting federal statutory and common law rights to the Certification Marks.

14. Plaintiff's Certification Marks are distinctive to both the consuming public and Plaintiff's trade.

15. Plaintiff authorized, and continue to authorize, licensees to market and distribute compliant products bearing the Certification Marks both online and in brick-and-mortar stores

throughout the United States, utilizing the same channels of trade through which Defendant's infringing products are sold.

16. Plaintiff actively monitors use of the Certification Marks by third parties and has scrupulously and successfully enforced and protected its Certification Marks against past infringements.

B. <u>Relationship Between the Parties.</u>

17. On or about February 11, 2021, after completion of The Paleo Foundation's certification process and review, Plaintiff issued to Defendant a written Trademark License Agreement ("License") which granted Defendant the limited ability to use the Keto Certified Mark only in connection with specifically identified products, and in accordance with the provisions of the License. A true and correct copy of the License is attached hereto as <u>Exhibit 3.</u> In March of 2021, TBE applied for and was granted permission to also use the GFGF Mark on specific beverage products for a one-year term. A true and correct copy of the letter authorizing this use is attached hereto as <u>Exhibit 4</u>.

18. Under the express provisions of the License, the term of use for the Keto Certified Mark was limited to one year, ending on February 11, 2022, unless TBE requested an extension of the License in writing at least ten days before expiration of the initial term. TBE's authorization for the GFGF Mark was from March 2, 2021 to March 3, 2022.

19. On January 27, 2022, The Paleo Foundation contacted TBE to remind it that its certifications were coming up for renewal. The Paleo Foundation reached out again in February and March of 2022 to notify TBE that its license to use the Certification Marks had expired. TBE did not respond to any of these messages.

**C. Defendant's Infringing Use of the Keto Certified Mark**

20. On or about September 23, 2022, The Paleo Foundation found TBE products in an Erewhon in Venice, CA bearing the Certification Marks. The Paleo Foundation promptly notified TBE in writing sent on September 28, 2022 that this use was unauthorized and infringing.

21. On September 29, 2022, in response to The Paleo Foundation's correspondence, Jordan Schulze, identified as a Finance & Operations Executive for Defendant, emailed The Paleo Foundation to "apologi[ze] for the delay in communication …" and indicated that Defendant, "would like to move forward with renewing [] certification with the Paleo Foundation." The Paleo Foundation responded the same day with instructions on how to move forward with the renewal process.

22. Though the parties communicated and exchanged information through the month of October 2022, TBE ceased responding to The Paleo Foundation's inquiries regarding completion of the certification process and payment of the requisite fee after October 31, 2022.

23. Having received no response to its multiple inquires through the end of 2022, The Paleo Foundation turned the matter over to undersigned counsel, which sent a cease-and-desist letter to TBE on February 28, 2023, demanding that TBE immediately cease and desist from any further use of the Certification Marks, or any other trademark confusingly similar thereto, in its marketing, advertising, promotional efforts, and packaging. No response was received. Plaintiff's counsel subsequently contacted TBE on March 10, March 15, March 25, April 3, April 5, April 11, and June 14, 2023 with no response.

24. To date, Plaintiff has received no response to its numerous attempts to contact TBE, and, after reasonable inquiry, has no evidence that Defendant has responded to/complied with the demands set out in Plaintiff's counsel's cease and desist letter.

25. Without Plaintiff's authorization, and upon information and belief, between February 12, 2022 and the present Defendant has continued to use the Certification Marks in US commerce, selling products bearing the Certification Marks to consumers throughout the United States, specifically including to consumers in Southern California.

26. Upon information and belief, Defendant has been engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of beverages using the Certification Marks in US Commerce. As recently as October 2023, Defendants sold products bearing the Certification Marks to U.S. consumers, including those depicted in Exhibit 5 hereto.

27. Upon information and belief, after expiration of its license, Defendant has manufactured, distributed, marketed, offered for sale, and sold its products bearing the Certification Marks through both brick and mortar and online stores, including its own interactive website, located at https://www.drinkbrightfox.com/ .

28. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's products manufactured and sold after February 12, 2022 have been evaluated by The Paleo Foundation and been found to be compliant with the standards set for each Mark.

29. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Certification Marks, cause confusion and deception in the marketplace, and divert Plaintiff's licensees' potential sales to Defendant.

30. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and its licensees and to their valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE**

**(Federal Trademark Infringement)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32. Defendant's unauthorized use in commerce of the Certification Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe that The Paleo Foundation has certified that Defendant's goods currently sold in the marketplace conform with specific standards set for each of the Certification Marks. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's rights in the Certification Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

34. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

### (Federal Unfair Competition)

36. Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. Defendant's unauthorized use in commerce of the Certification Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods have been certified by Plaintiff.

38. Defendant's unauthorized use in commerce of the Certification Marks as alleged herein constitutes use of a misleading description and representation of fact.

39. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to certification of Defendant's goods by The Paleo Foundation.

40. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

42. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

**(Violation of California Business and Professions Code § 17200 et seq.)**

43. Plaintiff repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Defendant's unlawful and unauthorized use of the Certification Marks constitutes a fraud on the public, as the public is led to believe this use has been authorized by The Paleo Foundation, and that The Paleo Foundation has evaluated Defendants' goods currently on the market and deemed them to comply with the certification requirements of each Mark. Defendant's actions constitute an unlawful and fraudulent business practice.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Finding that Defendant has:
   a. violated Section 32 of the Lanham Act (15 U.S.C. § 1114);
   b. violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a); and
   c. engaged in unlawful, unfair and/or fraudulent business practices under California Business and Professions Code § 17200.
2. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise, or promote goods bearing the Certification Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof;

    b. engaging in any activity that infringes Plaintiff's rights in its Certification Marks;

    c. utilizing any marks likely to falsely lead the public to believe that Plaintiff has evaluated Defendant's products and found them to be compliant with the standards established for use of the Certification Marks;

    d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff; or

    e. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d).

3. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Certification Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Certification Marks, including all web uses, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing the Certification Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar

variation, or colorable imitation of the Certification Marks, and to immediately remove them from public access and view.

4. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, advertisements, and related materials incorporating or bearing the Certification Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Certification Marks.

5. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

6. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

7. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8. Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

9. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)), and/or pursuant to California Code, Code of Civil Procedure § 1021.5.

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11. Awarding such other and further relief as the Court deems just and proper.

Dated: December 16, 2023
San Diego, California

Respectfully Submitted,
*s/ Amanda L. Bruss*
Amanda L. Bruss, #246249
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
Telephone: (619) 343-3655 ext. 24
E-mail: amanda@trestlelaw.com

Kristen G. Roberts, # 275552
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
Telephone: 619-343-3655
E-mail: kristen@trestlelaw.com

*Attorneys for Plaintiff Paleo Certified, Inc., d/b/a Paleo Foundation*